Kurt Deibel
4360 N Camino Vinorama
Tucson, Arizona  85750



FILED ____ LODGED
RECEIVED ____ COPY

5    DEC - 5 2014    5

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Kurt E. Deibel, a married man, **CV 14 - 2519 TUCFRZ**

    Plaintiff,    )    NO.

    )

v.     )

    )

Hammerman & Hultgren. P.C.,    )    COMPLAINT
an Arizona Professional Corporation, )

    )

    Defendant.    )

## JURISDICTION

Plaintiff respectfully seeks justice in the United States District

Court for the District of Arizona pursuant to [ 15 USC 1692k (d)].

## COMPLAINT

Plaintiff alleges as follows:

1.    Defendant Hammerman & Hultgren. P.C. is an Arizona

Professional Corporation. Defendant is a debt collection law firm.

2.      Plaintiff alleges Defendant, acting as a debt collector, is regulated by Federal, State and Local Laws, Statutes, Regulations, Rules, Policies and Procedures. The Defendant, acting as a debt collector, is required to be compliant with all Federal, State and Local Laws, Statutes, Regulations, Rules, Policies and Procedures. These Federal, State and Local Laws Statutes, Regulations, Rules, Policies and Procedures establish the civil liability [15 USC 1692k] for violations and noncompliance. The Court is the enforcement mechanism prescribed in the law.

3.      Plaintiff alleges Defendant, acting as a debt collector, sent a demand letter to the Plaintiff dated September 18, 2013. This demand letter contains the statements required by the Federal Fair Debt Collections Practices Act, specifically [15 USC 1692g (a) (1) (2) (3) (4) (5)] as well as requirements of State Law. This demand letter memorializes the timeline and evidences the material fact the Defendant acting as a debt collector is knowledgeable of and admit that compliance with Federal, State and Local Law, Statutes, Regulations, Rules, Policies and Procedures is required.

4.      Plaintiff alleges Defendant, acting as a debt collector, sent a demand letter dated September 18, 2013 to Plaintiff.

Plaintiff responded by sending a dispute letter to the

Defendant, acting as a debt collector, dated October 18, 2013.

In the dispute letter the Plaintiff indicates "no recollection of the

account" disputing the validity of the debt. Plaintiff's letter

memorializes the timeline and evidences the material fact, the

Defendant acting as a debt collector are knowledgeable of and admit

the Plaintiff, in accordance with the Federal Fair Debt Collections

Practices Act specifically [15USC 1692g (b)], is disputing the validity

of the alleged debt. Defendant acting as a debt collector is required to

be in compliance with Federal, State and Local Law, Statutes,

Regulations, Policies and Procedures. The Federal Fair Debt

Collections Practices Act, specifically [15 USC 1692g (b)] as well as

Arizona Administrative Code specifically [R20-4-1521 1, 4], *requires*

debt collectors to *cease* all collection activities until a disputed debt is

validated.

5.      All allegations in this complaint arise from the actions and

behavior of the Defendant acting as a debt collector involving

civil action CV 13-029864 filed December 06, 2013 in Pima County

Consolidated Justice Court, Pima County, Arizona by the

Defendant acting as a debt collector.

6.     Plaintiff alleges Defendant, acting as a debt collector, is in
violation of and noncompliant with The Federal Fair Debt Collections
Practices Act, specifically [15 USC 1692g (b)] by the following
noncompliant debt collection tactics in chronological order:

a. The filing of Summons CV 13-029864 filed December 06,
2013 in Pima County Consolidated Justice Court, Pima
County, Arizona.

b. The filing of Compliant CV 13-029864 filed December 06,
2013 in Pima County Consolidated Justice Court, Pima
County, Arizona

c. The collection letter dated January 16, 2014.

d. The filing of Initial Rule 121 Disclosure Statement dated
February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14,
2014

f. The filing of Statement of Facts In Support of Motion for
Summary Judgment filed May 14, 2014

g. The filing of First Supplemental Rule 121 Disclosure
Statement filed May 14, 2014

h. The filing of Reply in support of Summary Judgment filed

July 2, 2014

Each of the foregoing allegations are separate and intentional violations of the Federal Fair Debt Collections Practices Act specifically [15 USC 1692g (b)] The Court is the enforcement mechanism prescribed in the law.

7.   Plaintiff alleges Defendant, acting as debt collector, is in violation of and noncompliant with the Federal Fair Debt Collections Practices Act, specifically [15 USC 1692i (a) (2) (A)] by the following noncompliant debt collection tactics in chronological order:

a. The filing of Summons CV 13-029864 filed December 06, 2013 in Pima County Consolidated Justice Court, Pima County, Arizona.

b. The filing of Compliant CV 13-029864 filed December 06, 2013 in Pima County Consolidated Justice Court, Pima County, Arizona.

c. The collection letter dated January 16, 2014.

d. The filing of Initial Rule 121 Disclosure Statement dated February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14, 2014

f. The filing of Statement of Facts In Support of Motion for

Summary Judgment filed May 14, 2014

g. The filing of First Supplemental Rule 121 Disclosure

Statement filed May 14, 2014

h. The filing of Reply in support of Summary Judgment filed

July 2, 2014

Each of the foregoing allegations are separate and intentional

violations of the Federal Fair Debt Collections Practices Act

specifically [15 USC 1692i (a) (2) (A)]. The Court is the enforcement

mechanism prescribed in the law.

8.      Plaintiff alleges Defendant, acting as debt collector, is in

violation of and noncompliant with The Federal Fair Debt Collections

Practices Act specifically [15 USC 1692d] by the following

noncompliant debt collection tactics in chronological order:

a. The filing of Summons CV 13-029864 filed December 06,

2013 in Pima County Consolidated Justice Court, Pima County,

Arizona.

b. The filing of Compliant CV 13-029864 filed December 06,

2013 in Pima County Consolidated Justice Court, Pima County,
Arizona.

c. The collection letter dated January 16, 2014.

6

d. The filing of Initial Rule 121 Disclosure Statement dated February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14, 2014

f. The filing of Statement of Facts In Support of Motion for Summary Judgment filed May 14, 2014

g. The filing of First Supplemental Rule 121 Disclosure Statement filed May 14, 2014

h. The filing of Reply in support of Summary Judgment filed July 2, 2014

i. The response to interrogatories dated September 7, 2014

Each of the foregoing allegations are separate and intentional violations of the Federal Fair Debt Collections Practices Act specifically [15 USC 1692d]. The Court is the enforcement mechanism prescribed in the law.

9.      Plaintiff alleges Defendant, acting as debt collector, is in violation of and noncompliant with The Federal Fair Debt Collections Practices Act specifically [15 USC 1692f] by the following noncompliant debt collection tactics in chronological order:

a. The filing of Summons CV 13-029864 filed December 06,

2013 in Pima County Consolidated Justice Court, Pima County, Arizona.

b. The filing of Compliant CV 13-029864 filed December 06, 2013 in Pima County Consolidated Justice Court, Pima County, Arizona.

c. The collection letter dated January 16, 2014.

d. The filing of Initial Rule 121 Disclosure Statement dated February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14, 2014

f. The filing of Statement of Facts In Support of Motion for Summary Judgment filed May 14, 2014

g. The filing of First Supplemental Rule 121 Disclosure Statement filed May 14, 2014

h. The filing of Reply in support of Summary Judgment filed July 2, 2014

i. The response to interrogatories dated September 7, 2014

Each of the foregoing allegations are separate and intentional violations of the Federal Fair Debt Collections Practices Act specifically [15 USC 1692f]. The Court is the enforcement

mechanism prescribed in the law.

10.    Plaintiff alleges Defendant, acting as a debt collector, is in violation of and noncompliant with Arizona Administrative Code, specifically [R20-4-1521 1] by the following noncompliant debt collection tactics in chronological order:

a. The filing of Summons CV 13-029864 filed December 06, 2013 in Pima County Consolidated Justice Court, Pima County, Arizona.

b. The filing of Compliant CV 13-029864 filed December 06, 2013 in Pima County Consolidated Justice Court, Pima County, Arizona

c. The collection letter dated January 16, 2014.

d. The filing of Initial Rule 121 Disclosure Statement dated February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14, 2014

f. The filing of Statement of Facts In Support of Motion for Summary Judgment filed May 14, 2014

g. The filing of First Supplemental Rule 121 Disclosure Statement filed May 14, 2014

h. The filing of Reply in support of Summary Judgment filed July 2, 2014

Each of the foregoing allegations are separate and intentional violations of the Arizona Administrative Code specifically [R20-4-1521 1] The Court is the enforcement mechanism prescribed in the law.

11.    Plaintiff alleges Defendant, acting as a debt collector, is in violation of and noncompliant with Arizona Administrative Code, specifically [R20-4-1521 4] by the following noncompliant debt collection tactics in chronological order:

a. The filing of Summons CV 13-029864 filed December 06, 2013 in Pima County Consolidated Justice Court, Pima County, Arizona.

b. The filing of Compliant CV 13-029864 filed December 06, 2013 in Pima County Consolidated Justice Court, Pima County, Arizona

c. The collection letter dated January 16, 2014.

d. The filing of Initial Rule 121 Disclosure Statement dated February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14,

2014

f. The filing of Statement of Facts In Support of Motion for Summary Judgment filed May 14, 2014

g. The filing of First Supplemental Rule 121 Disclosure Statement filed May 14, 2014

h. The filing of Reply in support of Summary Judgment filed July 2, 2014

Each of the foregoing allegations are separate and intentional violations of the Arizona Administrative Code specifically [R20-4-1521 4]. The Court is the enforcement mechanism prescribed in the law.

12.   Plaintiff alleges Defendant, acting as a debt collector, is in violation of and noncompliant with the Arizona Administrative Code specifically [R20-4-1511 A] by the following noncompliant debt collection tactics in chronological order:

a. The filing of Summons CV 13-029864 filed December 06, 2013 in Pima County Consolidated Justice Court, Pima County, Arizona.

b. The filing of Compliant CV 13-029864 filed December 06, 2013 in Pima County Consolidated Justice Court, Pima County,

Arizona.

c. The collection letter dated January 16, 2014.

d. The filing of Initial Rule 121 Disclosure Statement dated February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14, 2014

f. The filing of Statement of Facts In Support of Motion for Summary Judgment filed May 14, 2014

g. The filing of First Supplemental Rule 121 Disclosure Statement filed May 14, 2014

i. Reply in support of Summary Judgment filed July 2, 2014

Each of the foregoing allegations are separate and intentional violations of the Arizona Administrative Code specifically [R20-4-1511 A]. The Court is the enforcement mechanism prescribed in the law.

13.    Plaintiff alleges Defendant, acting as a debt collector, is in violation of and noncompliant with Arizona Administrative Code, specifically [R20-4-1514 A] **by** the following noncompliant debt collection tactics in chronological order:

a. The filing of Summons CV 13-029864 filed December 06,

2013 in Pima County Consolidated Justice Court, Pima County,

Arizona.

b. The filing of Compliant CV 13-029864 filed December 06,

2013 in Pima County Consolidated Justice Court, Pima County,

Arizona.

c. The collection letter dated January 16, 2014.

d. The filing of Initial Rule 121 Disclosure Statement dated

February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14,

2014

f. The filing of Statement of Facts In Support of Motion for

Summary Judgment filed May 14, 2014

g. The filing of First Supplemental Rule 121 Disclosure

Statement filed May 14, 2014

h. The filing of Reply in support of Summary Judgment filed

July 2, 2014

Each of the foregoing allegations are separate and intentional

violations of the Arizona Administrative Code specifically [R20-4-

1514 A] The Court is the enforcement mechanism prescribed in the

law.

14.    Plaintiff alleges Defendant, acting as a debt collector, is in

violation of and noncompliant with Arizona Administrative Code

specifically [R20-4-1514 B] by the following noncompliant debt

collection tactics in chronological order:

a. The filing of Summons CV 13-029864 filed December 06,

2013 in Pima County Consolidated Justice Court, Pima County,

Arizona.

b. The filing of Compliant CV 13-029864 filed December 06,

2013 in Pima County Consolidated Justice Court, Pima County,

Arizona.

c. The collection letter dated January 16, 2014.

d. The filing of Initial Rule 121 Disclosure Statement dated

February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14,

2014

f. The filing of Statement of Facts In Support of Motion for

Summary Judgment filed May 14, 2014

h. The filing of First Supplemental Rule 121 Disclosure

Statement filed May 14, 2014

i. The filing of Reply in support of Summary Judgment filed

July 2, 2014

Each of the foregoing allegations are separate and intentional

violations of the Arizona Administrative Code specifically [R20-4-

1514 B]. The Court is the enforcement mechanism prescribed in the

law.

15.    Plaintiff alleges Defendant, acting as a debt collector, is in

violation of and noncompliant with the Arizona Administrative Code

specifically [R20-4-1514 C] by the following noncompliant debt

collection tactics in chronological order:

a. The filing of Summons CV 13-029864 filed December 06,

2013 in Pima County Consolidated Justice Court, Pima County,

Arizona.

b. The filing of Compliant CV 13-029864 filed December 06,

2013 in Pima County Consolidated Justice Court, Pima County,

Arizona.

c. The collection letter dated January 16, 2014.

d. The filing of Initial Rule 121 Disclosure Statement dated

February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14,

2014

f. The filing of Statement of Facts In Support of Motion for

Summary Judgment filed May 14, 2014

g. The filing of First Supplemental Rule 121 Disclosure

Statement filed May 14, 2014

h. The filing of Reply in support of Summary Judgment filed

July 2, 2014

Each of the foregoing allegations are separate and intentional

violations of the Arizona Administrative Code specifically [R20-4-

1514 C]. The Court is the enforcement mechanism prescribed in the

law.

16.     Plaintiff alleges Defendant, acting as a debt collector, is in

violation of and noncompliant with its duty to file court documents in

good faith. Plaintiff willfully and intentionally filed documents in bad

faith and for improper purposes as follows:

a. The filing of Summons CV 13-029864 filed December 06,

2013 in Pima County Consolidated Justice Court, Pima County,

Arizona.

b. The filing of Compliant CV 13-029864 filed December 06,

2013 in Pima County Consolidated Justice Court, Pima County,

Arizona.

16

c. The collection letter dated January 16, 2014.

d. The filing of Initial Rule 121 Disclosure Statement dated February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14, 2014

f. The filing of Statement of Facts In Support of Motion for Summary Judgment filed May 14, 2014

g. The filing of First Supplemental Rule 121 Disclosure Statement filed May 14, 2014

h. The filing of Reply in support of Summary Judgment filed July 2, 2014

i. The response to interrogatories dated September 7, 2014

Each of the foregoing allegations are separate and intentional violations of the Defendant's duty to file court documents in good faith. The Court is the enforcement mechanism prescribed in the law.

17.    Plaintiff alleges Defendant, acting as a debt collector, is in violation of and noncompliant with the Arizona Administrative Code Specifically [R20-4-1515] by directly aiding and abetting to evade and violate Federal, State and Local Law by the following noncompliant debt collection tactics:

a. The filing of Summons CV 13-029864 filed December 06, 2013 in Pima County Consolidated Justice Court, Pima County, Arizona.

b. The filing of Compliant CV 13-029864 filed December 06, 2013 in Pima County Consolidated Justice Court, Pima County, Arizona.

c. The collection letter dated January 16, 2014.

d. The filing of Initial Rule 121 Disclosure Statement dated February 11th, 2014

e. The filing of Motion for Summary Judgment filed May 14, 2014

f. The filing of Statement of Facts In Support of Motion for Summary Judgment filed May 14, 2014

g. The filing of First Supplemental Rule 121 Disclosure Statement filed May 14, 2014

h. Reply in support of Summary Judgment filed July 2, 2014

i. The response to interrogatories dated September 7, 2014

Each of the foregoing allegations are separate and intentional violations of the Arizona Administrative Code specifically [R20-4-1515]. The Court is the enforcement mechanism prescribed in the law.

18.     The Defendant has breached its legal duty to reveal all evidence whether favorable or unfavorable. The Defendant has intentionally and willfully withheld unfavorable evidence and has provided deceptive, evasive, groundless, obstructionist, and unreasonable responses to required discovery. The responses were made in bad faith to cause unnecessary delays. These actions have violated the Plaintiff's rights to a fair and timely trial.

19.     The Defendant intentionally and willfully filed Compliant CV 13-029864 claiming breach of contract without a legal and signed contract. These actions have violated the Plaintiff's rights to a fair trial by hiding evidence and misleading the Plaintiff.

20.     The Defendant, acting as a debt collector, has breached its legal duty to conduct itself in an honest, ethical and professional manner and fails to meet minimum standards of professional and ethical behavior, or best practices set by legions of professional groups and associations. The Defendant is habitually noncompliant with and in violation of Federal, State and Local Law, Statutes, Rules, Regulations, Policies and Procedures.

21.     The Defendant intentionally and willfully coordinated and conspired with its Client to evade and violate Federal, State and Local

Law, Statutes, Rules, Regulations, Policies, Procedures.

22.     The Defendant intentionally and willfully coordinated and conspired with its Client to evade and violate the legal duty to reveal all evidence whether favorable or unfavorable by hiding unfavorable evidence and misleading the Plaintiff. These actions have violated the Plaintiff's rights to a fair and timely trial.

23.     The Defendant intentionally and willfully coordinated and conspired with its Client to evade and violate the legal duty to conduct itself in an honest, ethical and professional manner. These actions have violated the Plaintiff's rights to a fair and timely trial.

24.     The Defendant acting as debt collector must be held to the highest standards and should have in place best practice policies, procedures and protocols that incorporate and require compliance with all applicable Federal, State and Local Laws, Statutes, Rules, Regulations, Policies and Procedures.

25.     The Defendant, acting as a debt collector, actions and behaviors are consistent with predatory and abusive debt collection tactics and a lack of concern and disregard for Federal, State and Local Laws, Statutes, Rules, Regulations, Policies and Procedures.

26.     The Defendant, acting as a debt collector, actions and behaviors

evidence the intentional and willful use of predatory debt collection tactics that abuse and take unjust advantage of the Plaintiff and the legal process. These intentional and willful tactics abuse the legal process and are used as a predatory tool to overwhelm the Plaintiff with predatory, abusive, deceptive, evasive, unjust and fraudulent tactics. These intentional and willful predatory debt collection tactics have caused irreparable harm and damage to the Plaintiff.

27.    Laws such as the Fair Debt Collection Practices Act along with other consumer protection laws are purposeful in exposing and eliminating abusive debt collection practices by debt collectors. These laws establish a clear unambiguous definition of compliant debt collection activities.

28.    Additional facts may be revealed exposing additional and further violations of Federal, State and Local Laws, Statutes, Rules, Regulations, Policies and Procedures.

29. The Plaintiff's Exhibit index is attached as Exhibit 1

30.    The frequency and persistence of the intentional and willful noncompliance with and violation of Federal, State and Local Laws, Statutes, Rules, Regulations, Policies and Procedures and breach of legal duties is predatory, abusive and takes unjust advantage of the

Plaintiff and evidences bad faith and harassment and has caused irreparable harm and damage to the Plaintiff.

**WHEREFORE,** Plaintiff demands judgment against Defendant, as follows:

A.    For the Court to award statutory damages in favor of Plaintiff in the maximum amount, for each violation, as determined by the Court.

B.    For the Court to award actual damages in favor of Plaintiff as determined by the Court.

C.    For the Court to award exemplary damages in favor of Plaintiff as determined by the Court.

D.    For costs and expenses incurred; and

E.    For such other and further action and relief as this Court deems just and proper.

December 5, 2014

*Kurt Deibel*
Kurt E. Deibel
4360 N Camino Vinorama
Tucson, Arizona 85750
capitalonecase@comcast.net
520-971-5129

# Plaintiff's Exhibit Index

A.      Demand letter.

B.      Dispute letter

C.      Collection letter.

D.      FDCPA specifically [15 USC 1692g]

E.      FDCPA specifically [15 USC 1692i]

F.      FDCPA specifically [15 USC 1692d]

G.      FDCPA specifically [15 USC 1692k]

H.      FDCPA specifically [15 USC 1692f]

I.      Arizona Administrative Code specifically [R20-4-1511]

J.      Arizona Administrative Code specifically [R20-4-1514] and
        [R20-4-1515]

K.      Arizona Administrative Code specifically [R20-4-1521]

Exhibit 1

# HAMMERMAN & HULTGREN, P.

Stanley M. Hammerman
Jon R. Hultgren

ATTORNEYS AT LAW
3101 N. CENTRAL AVENUE, SUITE 500
PHOENIX, ARIZONA 85012

Telephone: (602) 264-2566
Fax: (602) 266-3488
www.hammerman-hultgren.com

Allan R. Draper

September 18, 2013

Kurt E. Deibel
4360 N. Camino Vinorama
Tucson AZ 85750

RE: **Your Past Due Indebtedness to Capital One Bank (USA), N.A.,**in the sum of $7,836.45

Dear Mr. Deibel:

This office represents **Capital One Bank (USA), N.A.,**regarding your past due account with them with the original account number ending in ************9082. Please note that unless you dispute said debt, or any portion thereof, within thirty (30) days after your receipt of this letter, this office shall assume the validity of this debt. Upon your written notification within such thirty-day period that this debt, or any portion thereof, is disputed, this office shall obtain verification fo the debt or a copy of a judgment, if any, against you and mail you a copy of such verification or judgment. Furthermore, upon your written request within said thirty-day period, this office shall provide you with the name and address of the original creditor, if different from the current creditor. If you are interested in resolving this matter, please contact Sharon Ridley at (602) 264-2566, Ext. 146. If you are outside of the Maricopa County area please call 1-888-264-2566 Ext. 146.

If you do not dispute this obligation and wish to make a payment, you may utilize our website when making your payment - go to www.hammerman-hultgren.com and click on Make Your Payment Online from there follow the instructions and fill out the appropriate form.  This method is safe and secure, and very easy.

Sincerely,

Jon R. Hultgren

JRH/jh
Hammerman & Hultgren, P.C.'s File Number is E0069368

THIS LETTER IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*Exhibit A*

Kurt Deibel
4360 N Camino Vinorama
Tucson, AZ  85750

October 18, 2013

Hammerman & Hultgren
3101 N Central Ave Suite 500
Phoenix, AZ 85012

RE: Alleged Capital One Account

Dear Mr. Hultgren,

I have no recollection of the alleged Capital One account referenced in your letter.

Thank you,

Kurt Deibel

*Exhibit B*

## HAMMERMAN & HULTGREN, P.C.

Stanley M. Hammerman
Jon R. Hultgren

ATTORNEYS AT LAW
3101 N. CENTRAL AVENUE, SUITE 500
PHOENIX, ARIZONA   85012

Telephone: (602) 264-2566
Fax:   (602) 266-3488
www.hammerman-hultgren.com

Allan R. Draper

This communication is made pursuant to Rule 408,
Arizona Rules of Evidence, and A.R.S. § 12-341.01

January 16, 2014

Kurt E. Deibel
4360 N. Camino Vinorama
Tucson, AZ 85750

Re:   **Capital One Bank (USA), N.A., v. Kurt E. Deibel**
      **Hammerman & Hultgren, P.C. File Number E0069368**
      **Capital One File Number ending in ************9082**

Dear Mr. Deibel:

This office is in receipt your Answer filed in Pima Consolidated Justice Court.  We do not have a number to reach you.  If you would like to discuss your file, please contact me at (602) 445-3276. .  I can be reached Monday - Friday from 7:00 am to 4:00 pm.

Sincerely,

Marlene M. Romantic
Director of Collections

HH/mr

*Exhibit C*

**THIS LETTER IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## § 809. Validation of debts [15 USC 1692g]

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

*Exhibit D*

## § 811.  Legal actions by debt collectors    [15 USC 1692i]

(a) Any debt collector who brings any legal action on a debt against any consumer shall --

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity --

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

(b) Nothing in this title shall be construed to authorize the bringing of legal actions by debt collectors.



*Exhibit E*

# § 806. Harassment or abuse [15 USC 1692d]

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 603(f) or 604(3)1 of this Act.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.



*Exhibit F*

# § 813.  Civil liability  [15 USC 1692k]

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of --

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors --

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

(c) A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

(d) An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

(e) No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Commission, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

# § 814.  Administrative enforcement   [15 U

Exhibit G

# § 808. Unfair practices [15 USC 1692f]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if --

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

Exhibit H



Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1507.  Representations of Collection Agency's Identity**
In all communications with debtors, either orally or in writing, all the following rules apply:
1.  A collection agency shall represent itself as a collection agency.
2.  A collection agency shall not directly or indirectly claim to be a credit reporting agency or credit bureau if it is not.
3.  A collection agency shall not directly or indirectly claim to be a law enforcement agency.
4.  A collection agency shall not directly or indirectly claim to be a law firm.

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978 (Supp. 78-6). R20-4-1507 recodified from R4-4-1507 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1508.  Representations of the Law**
A collection agency shall not:
1.  Misrepresent the state of the law to a debtor.
2.  Send a debtor written material that simulates legal process, or
3.  Represent or imply that a debtor is, or may be, subject to criminal prosecution or arrest because of a failure to pay the debt.

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978 (Supp. 78-6). R20-4-1508 recodified from R4-4-1508 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1509.  Representations as to Fees, Costs, and Legal Proceedings; Disinterested Counsel Required**
A.  A collection agency shall neither threaten to collect, nor attempt to collect, an attorney's fee, collection cost, or other fee that the debtor is not obliged to pay under the debtor's contract with the collection agency's creditor client.
B.  A collection agency shall not inform a debtor that legal proceedings have been started unless, in fact, a lawsuit has been filed against the debtor.
C.  A collection agency shall not threaten to start legal proceedings against a debtor unless the collection agency actually intends, at the time of the threat, to sue.
D.  A collection agency shall not threaten to turn an account over to a lawyer unless the collection agency actually intends to do so at the time of the threat.
E.  A collection agency shall not file a lawsuit against a debtor unless the lawsuit is filed by an attorney who has no personal or financial interest in that collection agency.

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978 (Supp. 78-6). R20-4-1509 recodified from R4-4-1509 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1510.  Representations as to Rights Waived or Remedies Available**
A.  A collection agency shall not inform a debtor that the debtor waives any legal right or legal defense by a failure to contact the collection agency.
B.  A collection agency shall not inform a debtor that the collection agency has the power or right to bypass the legal process.
C.  A collection agency shall not misrepresent the remedies available to the collection agency.

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978 (Supp. 78-6). R20-4-1510 recodified from R4-4-1510 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1511.  Prohibition of Harassment**
A.  A collection agency shall not use unauthorized or oppressive tactics designed to harass any person to pay a debt.
B.  A collection agency shall not use written or oral communications that either ridicule, disgrace, or humiliate any person or tend to ridicule, disgrace, or humiliate any person.
C.  A collection agency shall not state, imply, or tend to imply, in written or oral communications that any person is guilty of fraud or any other crime.
D.  A collection agency shall not permit its agents, employees, representatives, debt collectors, or officers to use obscene or abusive language in efforts to collect a debt.
E.  A collection agency or its agents, employees, representatives or officers are subject to penalties listed in A.R.S. § 32-1056(B) for any violation of this Article, as well as other liabilities imposed under any other provision of law.

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978 (Supp. 78-6). R20-4-1511 recodified from R4-4-1511 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1512.  Contacts with Debtors and Others**
A.  A collection agency shall contact a debtor by telephone only during reasonable hours. A collection agency shall make a reasonable attempt to contact a debtor at the debtor's residence. A collection agency may contact a debtor at the debtor's place of employment if a reasonable attempt to contact the debtor at the debtor's residence has failed.
B.  A collection agency shall not contact a third party, including a debtor's friend, relative, neighbor, or employer and:
1.  Inform the third party of the debt;
2.  Ask the third party to pressure the debtor into paying the debt, or
3.  Ask the third party to pay the debt, unless the third party is legally obligated to pay the debt.
C.  A collection agency shall not threaten to contact a third party listed in subsection (B) for any purpose listed in subsection (B).
D.  Despite the other provisions of this Section, a collection agency may make lawful service on third parties, including employers, of a writ of garnishment or other writ in aid of execution after judgment has been entered against a debtor.

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978

(Supp. 78-6). R20-4-1512 recodified from R4-4-1512
(Supp. 95-1). Amended by final rulemaking at 12 A.A.R.
1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1513.  Cessation of Communication with the Debtor**
A.  A collection agency shall stop contacting a debtor, directly or indirectly, if the debtor tells the collection agency that the debtor is represented by a lawyer and wants the collection agency to communicate with the debtor through that lawyer. The collection agency may later contact the debtor if the collection agency contacts the lawyer named by the debtor and learns that the lawyer does not represent the debtor.
B.  A collection agency shall stop contacting a debtor, directly or indirectly, if the debtor gives the collection agency written notice that the debtor:
   1.  Refuses to pay the debt, or;
   2.  Wants the collection agency to stop all further communication with the debtor.
C.  Despite the provisions of subsection (B), a collection agency may contact a debtor to inform the debtor that:
   1.  The collection agency has stopped trying to collect the debt, or
   2.  The collection agency or the creditor may invoke specific remedies that are customarily used by the collection agency or the creditor.
D.  The debtor's written notice under subsection (B) is effective upon receipt by the collection agency if delivered by mail.

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978 (Supp. 78-6). Amended effective December 18, 1979 (Supp. 79-6). R20-4-1513 recodified from R4-4-1513 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1514.  Disclosure of Information to Debtor**
A.  Within five days after the initial communication with the debtor, a collection agency shall obtain, and be able to inform the debtor of:
   1.  The name of the creditor;
   2.  The time and place of the creation of the debt;
   3.  The merchandise, services, or other value provided in exchange for the debt; and
   4.  The date when the account was turned over to the collection agency by the creditor.
B.  A collection agency shall give the debtor access to any of the collection agency's records that contain the information listed in subsection (A).
C.  At the debtor's request, the collection agency shall give the debtor, free of charge, a copy of any document from its records that contains the information listed in subsection (A).

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978 (Supp. 78-6). R20-4-1514 recodified from R4-4-1514 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1515.  Aiding and Abetting**
A collection agency shall not help or encourage, directly or indirectly, any other person to evade or violate any provision of:
   1.  This Article, or
   2.  A.R.S. Title 32, Chapter 9.

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978 (Supp. 78-6). R20-4-1515 recodified from R4-4-1515 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1516.  Advertising**
A collection agency shall not use any form of communication to state or imply that it is:
   1.  Approved, bonded by, or affiliated with the state of Arizona;
   2.  A state agency;
   3.  The director of any state agency; or
   4.  Authorized to practice law.

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978 (Supp. 78-6). R20-4-1516 recodified from R4-4-1516 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1517.  Repealed**

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978 (Supp. 78-6). R20-4-1517 recodified from R4-4-1517 (Supp. 95-1). Section repealed by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1518.  Agreements with Clients**
A collection agency's records shall document each client's account in writing. The records for an account shall include either a written agreement between the client creditor and the collection agency, or a written direction from the creditor to the collection agency concerning a specific debt placed for collection. The collection agency shall keep records that are specific, easily understood, and unambiguous. A provision of a written agreement or written direction that suggests the collection agency has authority to represent the client in court or to practice law in any other way is void and prohibited by this Section. The records for an account shall separately state:
   1.  The names of the parties to the agreement or written direction;
   2.  The terms or rate of compensation paid to the collection agency;
   3.  The length of time the agreement or written direction is intended to be in effect; and
   4.  Any conditions regarding collection of a particular debt.

**Historical Note**
Adopted effective December 18, 1979 (Supp. 79-6). R20-4-1518 recodified from R4-4-1518 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1519.  Licensee Names and Control**
A.  The Department shall not issue a license with a name that is:
   1.  Similar to, or that may be confused with, any federal, state, county, or municipal government function or agency;
   2.  Descriptive of any business activity that the applicant does not actually conduct;
   3.  The same as, or similar to, the name of any existing collection agency; or,

**EXHIBIT J**

4.  Otherwise deceptive or misleading.

B.  The Department may permit the use of a name otherwise prohibited under subsection (A)(3) based on its analysis of whether the name includes geographic or other information that distinguishes it from the other collection agency.

C.  A collection agency shall not use a collection agency license to do business under more than one name. Each collection agency shall apply for and obtain a separate license for each business name it intends to use in Arizona.

**Historical Note**
Adopted effective December 18, 1979 (Supp. 79-6). R20-4-1519 recodified from R4-4-1519 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1520. Representations of Collection Agency Employees' Identity or Position**

A.  A collection agency shall not allow its debt collector, agent, representative, employee, or officer to:
1.  Misrepresent the person's true position with the collection agency,
2.  Claim to be, or imply that the person is, an attorney unless the person is licensed to practice law, or
3.  Claim to be, or imply that the person is, a public official, peace officer, or any other type of public employee, or
4.  Claim to be, or imply that the person is, any other third party.

B.  In any communication with a debtor, a person working for a collection agency shall indicate that the person is a debt collector.

C.  A collection agency shall keep a record of all fictitious names used by its debt collectors during their employment. The collection agency shall record the information required by this subsection before permitting the use of a fictitious name. The collection agency shall file a copy of the record of fictitious names with the Department on July 1 and December 31 of each year. After filing the initial report, a collection agency shall identify all changes to the record on July 1 and December 31 of each year. The collection agency's record of fictitious names shall include:
1.  The true name of each debt collector that uses a fictitious name,
2.  Each fictitious name used by the debt collector, together with the dates when the name is used, and
3.  The residential street address and residential mailing address of each debt collector that uses a fictitious name.

**Historical Note**
Adopted effective December 18, 1979 (Supp. 79-6). R20-4-1520 recodified from R4-4-1520 (Supp. 95-1). Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

**R20-4-1521. Duty of Investigation**
A collection agency shall give copies of its evidence of the debt to the debtor or the debtor's attorney on request. After providing the evidence, but before continuing its collection efforts against the debtor, the collection agency shall investigate any claim by the debtor or the debtor's attorney that:
1.  The debtor has been misidentified,
2.  The debt has been paid,
3.  The debt has been discharged in bankruptcy, or
4.  Based on any other reasonable claim, the debt is not owed.

**Historical Note**
Adopted effective December 18, 1979 (Supp. 79-6). R20-4-1521 recodified from R4-4-1521 (Supp. 95-1).

Amended by final rulemaking at 12 A.A.R. 1331, effective June 4, 2006 (Supp. 06-2).

R20-4-1522.   Reserved
R20-4-1523.   Reserved
R20-4-1524.   Reserved
R20-4-1525.   Reserved
R20-4-1526.   Reserved
R20-4-1527.   Reserved
R20-4-1528.   Reserved
R20-4-1529.   Reserved
R20-4-1530.   Repealed

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective December 6, 1978 (Supp. 78-6). R20-4-1530 recodified from R4-4-1530 (Supp. 95-1). Section repealed by final rulemaking at 6 A.A.R. 4742, effective November 13, 2000 (Supp. 00-4).

**ARTICLE 16. ACQUIRING CONTROL OF FINANCIAL INSTITUTIONS**

**R20-4-1601. Definitions**
In this Article, unless the context otherwise requires:

"Acquiring party" means a person who intends to acquire control of a bank, trust company, savings and loan association, or controlling person under A.R.S. Title 6, Chapter 1, Article 4.

"Acquisition of control" has the meaning stated in A.R.S. § 6-141.

"Bank" has the meaning stated in A.R.S. § 6-101.

"Control" has the meaning stated in A.R.S. § 6-141.

"Controlling person" has the meaning stated in A.R.S. § 6-141.

"Person" has the meaning stated in A.R.S. § 6-141.

"Savings and loan association" means a person required to possess a permit issued by the Superintendent under A.R.S. Title 6, Chapter 3.

"Superintendent" has the meaning stated in A.R.S. § 6-101.

"Target company" means a bank, savings and loan association, trust company, or controlling person to be acquired by an acquiring party.

"Trust company" has the meaning stated in A.R.S. § 6-851.

"Voting security" has the meaning stated in A.R.S. § 6-141.

**Historical Note**
Adopted as an emergency effective September 6, 1978, pursuant to A.R.S. § 41-1003, valid for only 90 days (Supp. 78-5). Adopted effective January 12, 1979 (Supp. 79-1). R20-4-1601 recodified from R4-4-1601 (Supp. 95-1). Amended by final rulemaking at 9 A.A.R. 5055, effective January 3, 2004 (Supp. 03-4).

**R20-4-1602. Application for Approval to Acquire Control of Financial Institution**

A.  An applicant seeking approval to acquire control of a bank, savings and loan association, or controlling person of a bank or savings and loan association, under A.R.S. Title 6, Chapter 1, Article 4, shall file with the Superintendent copies of all application documents filed with federal regulatory agencies in connection with the planned acquisition of control.